LODGED

Name: ASEY LEE

Address: 30207 MARNE WAY

MENIFEE, CA 92584

Phone: 951) 442-3873

Fax: NO FAX

~~ACCESS TO HOTMAIL,~~

In Pro Per

EMAIL ACCARSOOT@GMAIL.COM

2014 NOV 20 PM 5:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JAMES ROACH

Plaintiff

v.

ASEY LEE DOes 1 to
10 Inclusive

Defendant(s).

CASE NUMBER

ED CV14-02405

TBC1402415

NOTICE OF REMOVAL
(28 USC 1441, 1446 (D))

FROM RIVERSIDE Co SUPERIOR Court

( Enter document title in the space provided above)

I DEFENDANT ASEY LEE, AND PLAINTIFF
JAMES ROACH ARE THOSE PARTIES IN THE
CALIFORNIA STATE COURT FILED IN RIVERSIDE
COUNTY SUP COURT, TEMECULA COURTHOUSE CONCERNING
REAL PROPERTY LOCATED AT 30207 MARNE WAY, MENIFEE, CA
92584, (THEREAFTER PREMISES") WITHIN THIS COURT'S JURISDICTION
DEFENDANT ASEY LEE IS FORMAL TENANT OF THE
PREMISES AND PARTICIPATING IN THIS LITIGATION
DEFENDANT ASEY LEE IS A BONA FIDE TENANT UNDER
THE "PROTECTING TENANTS AT FORECLOSURE" ACT.
PLAINTIFF REPRESENTED BY COUNSEL IN THE STATE COURT
ACTION: BARRY LEE O'CONNOR 3691 ADAMS ST, RIVERSID CA 92509

_1_
Page Number

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

1. FEDERAL QUESTION, PLAINTIFF HAS ACTUALLY FILED A FEDERAL
2. QUESTION ACTION IN STATE COURT, FOR WHICH THE STATE COURT
3. ACTION IS REMOVED UNDER 28 U.S.C. 1441 et SEQ AND
4. HUNTER VS PHILIP MORRIS USA, 582 F 3D 1039, 1042-43
5. (8th CIR 2009); 28 USC 1331. 6) NEW FEDERAL LEGISLATION EFF.
6. MAY 21st 2009 AS AMENDED IN JULY 2010, AS PUBLIC LAW 111-20J, THE
7. "PROTECTING TENANTS AT FORECLOSURE ACT, 2008"/12 USC 5220 NOTE ("THEREAFTER
8. "PTFA" PREEMPTED STATE LAW AS TO BONA FIDE RESIDENTIAL TENANTS
9. OF FORECLOSURE LANDLORDS (FLORIDA LIME & GROWERS INC VS. PAUL,
10. 373 US 132, 142-43 (1963) (CONCEPT OF LIMITED PREEMPTION)
11. THE COMPLAINT IN THIS ACTION WAS FILED IN STATE COURT AS
12. ARTFUL PLEADING, ENTITLED BY THE SUPERIOR COURT OF
13. CALIFORNIA AS UNLAWFUL DETAINER, PLEADINGS INTENTIONALLY
14. FAILS TO ALLEGE COMPLIANCE WITH PTFA, SERVING ONLY A 3-DAY
15. NOTICE TO QUIT,
16. EVEN WHERE THE CAUSE OF ACTION IS BASED ON STATE LAW,
17. THE DISTRICT COURT HAS SUBJECT MATTER JURISDICTION OVER
18. THE CASE IF (1) THE FEDERAL ISSUES ARE ESSENTIAL TO
19. THE CLAIM,
20.
21.
22.
23. 11-20-2014
24. ASEY LEE
25.
26.
27.
28.

CV-127 (09/09)                PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

**SUM-130**

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE--DESALOJO)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASEY LEE, DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES ROACH

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

**CASE NUMBER:**
*(Número del caso):*
ECI402415

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   TEMECULA COURTHOUSE
   41002 COUNTY CENTER DR. #100,
   41002 COUNTY CENTER DR. #100,
   TEMECULA, CA 92591
   TEMECULA BRANCH

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549   **(951)689-9644**
   BARRY LEE O'CONNOR & ASSOCIATES, A PLC   **(951)352-2325**
   3691 ADAMS STREET
   RIVERSIDE, CA 92504

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415)   [X] did not   [ ]
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:   10/14/14   Clerk, by _____, D
*(Fecha)*   *(Secretaria)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (consen
      [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (author
      [ ] CCP 415.46 (occupant)   [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Legal Solutions Plus

Code of Civil Proced

SUM-1

| PLAINTIFF *(Name)*: JAMES ROACH | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: ASEY LEE, DOES 1 TO 10 INCLUSIVE | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant)*:

  a. Assistant's name:

  b. Telephone no.:

  c. Street address, city, and zip:

  d. County of registration:

  e. Registration no.:

  f. Registration expires on *(date)*:

ROACH VS LEE

5424

# PROOF OF SERVICE

Tenant(s) Served:    **ASEY LEE AND ALL UNKNOWN OCCUPANTS**

Address:    **30207 MARNE WAY**
**MENIFEE CA 92584**

Document Served:    **THREE DAY NOTICE TO PAY RENT OR QUIT, FAIR DEBT COLLECTION PRACTICES ACT**
**NOTICE**

I, the undersigned, being at least 18 years of age, declare under penalty of perjury, that a copy of the above named document was served on the above named tenant(s) in the manner indicated below:

## 1. SERVICE BY MAIL

On **10/3/14**    , a copy of the above document was mailed to each individual named above, via First Class United States Mail, postage fully prepaid, to the above listed address.

### ATTEMPTED PERSONAL SERVICE

1.

2.

3.

## 2. PERSONAL SERVICE

[ ]    On            , at            ,a copy of the document was personally served to each of the above or to                , being the only named tenant availble at the time of service.

If all tenants were not present, a copy for each of them was left with the above named tenant.

## 3. CONSTRUCTIVE SERVICE

[X]    I do not know the place of employment of the above named tenant(s).

Therefore, after due and diligent effort at Personal Service, a copy of the above document was served as authorized by CCP 1162(2,3) on each of the above named tenant(s) in the manner set forth:

[ ]    On            , at            , a copy of the document was left for each of the above named tenant(s)with                , a person of suitable age at the residence/business.

[X]    On **10/3/14**    , at **11:03 AM**    , a copy of the document was posted for each of the above named tenant(s) in a conspicuous place    (    **FRONT DOOR**    ) on the subject property, there being no person of suitable age or discretion to be found.

## 4. CERTIFIED MAILING

[ ]    On            a copy of the document was mailed via Certified Mail with return receipt, postage fully prepaid, to the above listed address.

SNAP LEGAL NETWORK, INC.
P.O. Box 55686
Riverside, Ca 92517-0686
(951) 683-4000
Riverside County #1192

REGISTERED PROCESS SERVER
Independent Contractor
Katherine Chandler
Riverside County # 686

Signature: _____

# THREE-DAY NOTICE TO
# PAY RENT OR VACATE PREMISES

[C.C.P. 1161(2)]

This Notice complies with
the Fair Debt Collection
Practices Act Notice
(15 USC §1692g)

JAMES ROACH _____ Owner(s)

      Plaintiff(s)
      vs.

ASEY LEE, DOES 1 TO 10 INCLUSIVE _____ Resident(s)

_____
      Defendant(s)

Does 1 to 10 INCLUSIVE

Pursuant to Civil Code Section
1950.5 (f), you have the right to request
an inspection of the property and to be
present during that inspection which    shall occur
no earlier than two weeks    prior to the termination
of the tenancy. Please contact the Owner/Agent if you
wish to request an initial inspection.

TO ASEY LEE, DOES 1 TO 10 INCLUSIVE _____

AND ALL OTHER OCCUPANT(S) IN POSSESSION:

YOU ARE HEREBY NOTIFIED   that pursuant to the lease or agreement dated  05/01/09 _____
under which you hold the possession of the premises described in this notice, there is now due, unpaid, and delinquent rent in the
following amounts for the following specified periods:

$    1,550.00   Due from OCTOBER 1ST , 2014 thru OCTOBER 31ST , 2014

$    1,550.00   Due from SEPTEMBER 1ST , 2014 thru SEPTEMBER 30TH , 2014

$    0.00   Due from _____ , ____ thru _____ , ____

$    0.00   Due from _____ , ____ thru _____ , ____

For a total sum of THREE THOUSAND ONE HUNDRED DOLLARS 0/100    ($ 3,100.00 ).

YOU ARE FURTHER NOTIFIED THAT   within three (3) days after service of this notice on you, you must pay the amount of rent
stated in this notice in full or quit the premises and deliver up possession of the premises to the undersigned, who is authorized
to receive possession of the premises, or the undersigned will institute legal proceedings for unlawful detainer against you to
recover possession of the premises and to recover all rents and damages due.

YOU ARE FURTHER NOTIFIED   that by this notice the undersigned elects to and does declare a forfeiture of the lease or
agreement if the rent stated in this notice is not paid in full within the three (3) days.

The premises that are the subject of this notice are described as  30207 MARNE WAY, MENIFEE, CA 92584 _____

Dated: 10/02/14

_____
PERSON AUTHORIZED TO GIVE NOTICE

**Barry Lee O'Connor & Associates, A PLC**
Barry Lee O'Connor, Attorney at Law
3691 Adams St., Riverside, CA 92504
951-689-9644 * Fax 951-352-2325

Pay to:  JAMES ROACH
Pay here: 30710 PIER POINTE CIR
MENIFEE, CA 92584

Payment days and hours: MONDAY THRU SUNDAY, ANYTIME

PHONE NO.: 951-515-1304

Legal Solutions Plus    LS-403

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549<br>BARRY LEE O'CONNOR & ASSOCIATES, A PLC<br>3691 ADAMS STREET<br><br>RIVERSIDE, CA 92504<br>TELEPHONE NO.: (951)689-9644          FAX NO. *(Optional):* (951)352-2325<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 41002 COUNTY CENTER DR. #100,
MAILING ADDRESS: 41002 COUNTY CENTER DR. #100,
CITY AND ZIP CODE: TEMECULA, CA 92591
BRANCH NAME: TEMECULA BRANCH

PLAINTIFF: JAMES ROACH

DEFENDANT: ASEY LEE, DOES 1 TO 10 INCLUSIVE

[X] DOES 1 TO 10 INCLUSIVE

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT    [ ] AMENDED COMPLAINT *(Amendment Number):*_____ | |

**Jurisdiction** *(check all that apply):*

[X] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded    [X] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000

[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)

[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint  *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)     [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)       [ ] from unlimited to limited

1. PLAINTIFF *(name each):*  JAMES ROACH

   alleges causes of action against DEFENDANT *(name each):* ASEY LEE

2. a. Plaintiff is
    (1) [X] an individual over the age of 18 years.      (4) [ ] a partnership.
    (2) [ ] a public agency.                             (5) [ ] a corporation.
    (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   30207 MARNE WAY, MENIFEE, CA 92584 RIVERSIDE COUNTY

4. Plaintiff's interest in the premises is  [X] as owner  [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* 05/01/09          defendant *(name each):* ASEY LEE

    (1) agreed to rent the premises as a  [ ] month-to-month tenancy  [X] other tenancy *(specify):* 12 MONTH LEASE
    (2) agreed to pay rent of $ 1,550.00 payable  [X] monthly  [ ] other *(specify frequency):*
    (3) agreed to pay rent on the  [X] first of the month  [ ] other day *(specify):*
   b. This [X] written  [ ] oral  agreement was made with
    (1) [X] plaintiff.                                  (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent.                          (4) [ ] other *(specify):*

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | COMPLAINT—UNLAWFUL DETAINER  Legal<br>Solutions<br>Plus | Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166 |
|---|---|---|

| PLAINTIFF (Name):   JAMES ROACH | CASE NUMBER: |
|---|---|
| DEFENDANT (Name):  ASEY LEE, DOES 1 TO 10 INCLUSIVE | |

6. c. ☐  The defendants not named in item 6a are

    (1) ☐  subtenants.
    (2) ☐  assignees.
    (3) ☐  other (specify):

  d. ☐  The agreement was later changed as follows (specify):

  e. ☒  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐  (For residential property)  A copy of the written agreement is **not** attached because (specify reason):
    (1) ☐  the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐  this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒  a. Defendant (name each): ASEY LEE

    was served the following notice on the same date and in the same manner:

    (1) ☒  3-day notice to pay rent or quit    (4) ☐  3-day notice to perform covenants or quit
    (2) ☐  30-day notice to quit    (5) ☐  3-day notice to quit
    (3) ☐  60-day notice to quit    (6) ☐  Other (specify):

    b. (1) On (date): 10/07/14    the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒  The notice included an election of forfeiture.
  e. ☒  A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
  f. ☐  One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒  The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐  by personally handing a copy to defendant on (date):
    (2) ☐  by leaving a copy with (name or description):
    a person of suitable age and discretion, on (date):    at defendant's
    ☐ residence ☐ business  AND mailing a copy to defendant at defendant's place of residence on (date):    because defendant cannot be found at defendant's residence or usual place of business.
    (3) ☒  by posting a copy on the premises on (date): 10/03/14    ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date): 10/03/14
      (a) ☐  because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☒  because no person of suitable age or discretion can be found there.
    (4) ☐  (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) ☐  (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
  b. ☐  (Name):
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐  Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☒  Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF (Name): JAMES ROACH | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): ASEY LEE, DOES 1 TO 10 INCLUSIVE | |

9. [ ]  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [X]  At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 3,100.00
11. [X]  The fair rental value of the premises is $ 50.95                    per day.
12. [ ]  Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure
         section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. [X]  A written agreement between the parties provides for attorney fees.
14. [ ]  Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance,
         and date of passage):*

         Plaintiff has met all applicable requirements of the ordinances.
15. [ ]  Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. [X]  past-due rent of $ 3,100.00
    d. [X]  reasonable attorney fees.
    e. [X]  forfeiture of the agreement.

    f. [X]  damages at the rate stated in item 11 from
            *(date):* 11/01/14                 for each day that
            defendants remain in possession through entry of judgment.
    g. [ ]  statutory damages up to $600 for the conduct alleged in
            item 12.
    h. [ ]  other *(specify):*

18. [X]  Number of pages attached *(specify):* 11

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant   [X] did not   [ ] did   for compensation give advice or assistance
    with this form.  *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

    a. Assistant's name:
    b. Street address, city, and zip code:

    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 10/13/14

BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549
                (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Date:

_____
      (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PLAINTIFF)

| | |
|---|---|
| PLAINTIFF *(Name)*:  JAMES ROACH | CASE NUMBER: |
| DEFENDANT *(Name)*:  ASEY LEE | |

---

**NOTICE:  If you fail to file this claim, you will be evicted without further hearing.**

---

11. *(Response required within five days after you file this form)*  I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.**  I have *(check all that apply to you)*:
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

---

**WARNING:  Perjury is a felony punishable by imprisonment in the state prison.**

---

Date:

▶

. . . . . . . . . . . . . . . . . . . . . . .

(TYPE OR PRINT NAME)                                                  (SIGNATURE OF CLAIMANT)

---

**NOTICE:**  If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial.  At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE if all the following are true:**
   1. **You are NOT named in the accompanying Summons and Complaint.**
   2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**  *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. **You still occupy the premises.**

*(Where to file this form)*  You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*  If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court.  *If you do not file this claim, you will be evicted without a hearing.*

---

NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER.   READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR (Name):

NAME OF COURT: TEMECULA COURTHOUSE
STREET ADDRESS: 41002 COUNTY CENTER DR. #100,
MAILING ADDRESS: 41002 COUNTY CENTER DR. #100,
CITY AND ZIP CODE: TEMECULA, CA 92591
BRANCH NAME: TEMECULA BRANCH

PLAINTIFF: JAMES ROACH

DEFENDANT: ASEY LEE

### PREJUDGMENT CLAIM OF RIGHT TO POSSESSION

CASE NUMBER:

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

(To be completed by the process server)
DATE OF SERVICE:

(Date that this form is served or delivered, and posted, and mailed by the officer or process server)

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):

2. I reside at (street address, unit No., city and ZIP code):

3. The address of "the premises" subject to this claim is (address): 30207 MARNE WAY, MENIFEE, CA 92584 RIVERSIDE COUNTY

4. On (insert date): [                    ], the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is the court filing date on the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing of $ [            ] or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [New January 1, 1991]       PREJUDGMENT CLAIM OF RIGHT TO POSSESSION       Legal Solutions Plus       Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I have read the foregoing <u>COMPLAINT FOR UNLAWFUL DETAINER</u> _____
_____ and know its contents.

### ☒ CHECK APPLICABLE PARAGRAPHS

☐  I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____
_____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am one of the attorneys for <u>PLAINTIFF</u> _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  <u>10/13/14</u> _____ _____ , at <u>RIVERSIDE</u> _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>BARRY LEE O'CONNOR, ATTORNEY AT LAW</u> _____
Type or Print Name             Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____
_____ _____ _____

On, _____ _____ I served the foregoing document described as _____
_____
_____ _____ _____ on _____ _____ _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

  ☐ *I deposited such envelope in the mail at _____ , California.
  The envelope was mailed with postage thereon fully prepaid.

  ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____    _____
Type or Print Name           Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN<br>MAIL SLOT, BOX, OR BAG)<br>**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus  Rev. 7/99

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☑ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) BARRY LEE O'CONNOR A PLC SBN134549 3691 ADAMS STREET RIVERSIDE CA 92504 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO: 951-689-9644    FAX NO. (Optional): 951-352-2325
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF

| PLAINTIFF/PETITIONER: JAMES ROACH DEFENDANT/RESPONDENT: ASEY LEE | CASE NUMBER: |
|---|---|

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐  The action arose in the zip code of: _____

☑  The action concerns real property located in the zip code of: _____ 92554

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    10/13/14

BARRY LEE O'CONNOR SBN134549
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)    ►    /S/
(SIGNATURE)

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 03/15/13]

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.ca.gov/localforms/localforms.shtml

CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LEASE OR**
**MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 11/08)

*Mailed to owner*

Date _04/28/2009_ , _____ _____ _Jim Roach_ _____ ("Landlord") and
_____Asey Lee_ _____ (95) 448-3573 _____ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _30207 Marne Way, Menifee_
   _CA  92584_ ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: _Asey Lee and his daughter_
   _Zaria -11_ .
   C. The following personal property, maintained pursuant to paragraph 11, is included: _____
   _____ or ☐ (if checked) the personal property on the attached addendum.

2. **TERM:** The term begins on (date) _____ _May 1, 2009_ ("Commencement Date"), (Check A or B):
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days
   prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be
   given on any date.
   ☒ B. **Lease:** and shall terminate on (date) _____ _April 30, 2010_ at _11:59_ ☐ AM/ ☒ PM.
   Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this agreement in
   writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due
   Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be
   at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force
   and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ _1,550.00_ per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or ☐ _____ ) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in
   advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.
   D. **PAYMENT:** Rent shall be paid by ☐ personal check, ☒ money order, ☒ cashier's check, or ☐ other _____ , to
   (name) _Jim Roach_ _____ (phone) _____ at
   (address) _30710 Pier Pointe Circle, Menifee, CA  92584_ _____ at
   at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally between the hours
   of _____ and _____ on the following days _____ ). If any payments
   is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay
   Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ _1,650.00_ as a security deposit. Security deposit will be ☒ transferred to and held by the Owner
   of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes
   Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of
   Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances.
   **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the
   security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to
   Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any
   security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2)
   return any remaining portion of the security deposit to Tenant.
   C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned
   by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's
   Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone
   other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been
   provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _Jim Roach_
   shall be paid by ☐ personal check, ☒ money order, or ☒ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from _05/01/2009_ to _04/30/2009_ (date) | $1,550.00 | | $1,550.00 | 05/01/2009 |
| *Security Deposit | $1,650.00 | | $1,650.00 | 04/28/2009 |
| Other _No pets auth_ | | | | |
| Other | | | | |
| Total | $3,200.00 | | $3,200.00 | |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or
three months' Rent for furnished premises.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized
reproduction of this form, or any portion thereof, by photocopy machine or any other
means, including facsimile or computerized formats. Copyright © 1991-2008,
CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
LR REVISED 11/08 (PAGE 1 OF 6)

Tenant's Initials   ( ___ ) ( _____ )
Landlord's Initials   ( ___ ) ( _____ )

Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)**

Agent: Sue Lopez                    Phone: 951 723-1333                    Fax: 951 723-1334                    Prepared using WINForms® software
Broker: Rancho Plaza Realty        27994 Bradley Road, Suite I, Sun City CA 92586

30207 Marne Way
Premises: _Menifee, CA  92584_ )                                               Date: _April 28, 2009_

6. **LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) **calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ _155.00_____ or __10.000___ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING: (Check A or B)**
   ☒ A. Parking is permitted as follows: _As permitted by the city of Menifee or HOA's_____

   The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

   OR ☐ B. Parking is not permitted on the Premises.

8. **STORAGE: (Check A or B)**
   ☒ A. Storage is permitted as follows: _inside house and/or garage_____
   The right to storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

   OR ☐ B. Storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _Trash_____
   except _____ , which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).
    **(Check all that apply:)**
    ☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____
    _____
    ☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    ☒ C. Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ ___7___ ) **days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
    ☐ D. Other: _____

11. **MAINTENANCE:**
    A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

    B. ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: _____
    _____
    C. ☐ Landlord ☒ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____
    _____
    D. ☒ Landlord ☐ Tenant shall maintain _tree trimming & Sprinklers_____
    E. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.
    F. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 2 OF 6)

Tenant's Initials  ( _____ )( _____ )
Landlord's Initials ( _____ )( _____ )

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 6)**

30207 Marne Way
Premises: Menifee, CA  92584                                                                                    Date: April 28, 2009

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**13. PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: _no pets authorized_

**14.** [x] (If checked) **NO SMOKING:** No smoking is allowed on the Premises. If smoking does occur on the Premises, **(i)** Tenant is responsible for all damage caused by the smoking including, but not limited to, stains, burns, odors and removal of debris; **(ii)** Tenant is in breach of this Agreement; **(iii)** Tenant, Authorized Guests, and all others may be required to leave the Premises; and **(iv)** Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint entire Premises regardless of when these items were last cleaned or replaced. Such actions and other necessary steps will impact the return of any security deposit.

**15. RULES/REGULATIONS:**
   **A.** Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
   **B. (If applicable, check one)**
      [x] **1.** Landlord shall provide Tenant with a copy of the rules and regulations within __30__ days or _____
   OR [ ] **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

**16.** [ ] (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
   **A.** The Premises is a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____
   Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
   **B. (Check one)**
      [ ] **1.** Landlord shall provide Tenant with a copy of the HOA rules and regulations within _____ days or _____
   OR [ ] **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the HOA rules and regulations.

**17. ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 28C, without Landlord's prior written consent, **(i)** Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; **(ii)** Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; **(iii)** Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and **(iv)** any deduction made by Tenant shall be considered unpaid Rent.

**18. KEYS; LOCKS:**
   **A.** Tenant acknowledges receipt of (or Tenant will receive [ ] prior to the Commencement Date, or [ ] _____ ):
      [x] __1__ key(s) to Premises,                              [ ] _____ remote control device(s) for garage door/gate opener(s),
      [ ] _____ key(s) to mailbox,                              [ ] _____
      [ ] _____ key(s) to common area(s),                      [ ] _____
   **B.** Tenant acknowledges that locks to the Premises [ ] have, [x] have not, been re-keyed.
   **C.** If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

**19. ENTRY:**
   **A.** Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
   **B.** Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: **(i)** to enter in case of an emergency; **(ii)** if the Tenant is present and consents at the time of entry or **(iii)** if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
   **C.** [ ] (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

**20. SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

**21. ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord,

Tenant's Initials  ( _____ ) ( _____ )
Landlord's Initials ( _____ ) ( _____ )

Reviewed by _____ Date _____

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 3 OF 6)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 3 OF 6)**

*30207 Marne Way*
Premises: *Menifee, CA   92584*                                    Date: *April 28, 2009*

terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

22. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

23. ☐ **LEAD-BASED PAINT (If checked):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

24. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and may contain potentially explosive munitions.

25. ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

26. ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

27. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

28. **POSSESSION:**
    A. Tenant is not in possession of the premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ _____ ) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
    B. ☐ Tenant is already in possession of the Premises.

29. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
    A. Upon termination of this Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)** *Please schedule a 30 day pre-inspection prior to move-out date*
    B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
    C. **Right to Pre-Move-Out Inspection and Repairs: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 28C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

30. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

31. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

32. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

33. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is**

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 4 OF 6)

Tenant's Initials ( _____ )( _____ )
Landlord's Initials ( _____ )( _____ )

Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

30207 Marne Way
Premises: Menifee, CA  92584 _____ Date: April 28, 2009

**46.** ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpretor/translator agreement (C.A.R. Form ITA).

**47.** **FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese. pursuant to the California Civil Code Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

**48.** **OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

**49.** **RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

> Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**Tenant agrees to rent the Premises on the above terms and conditions.**

Tenant _____  *Asey Lee* Date *April 28, 2009*
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Tenant _____  Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) _____
Guarantor _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

**Landlord agrees to rent the Premises on the above terms and conditions.**

Landlord _____ Landlord _____
   *Kim Roach*
Address *30710 Pier Pointe Circle, Menifee, CA  92584*
Telephone  *(951) 672-3239* ___ Fax *(951) 515-1304 C* E-mail _____

> **REAL ESTATE BROKERS:**
> **A.** Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
> **B.** Agency relationships are confirmed in paragraph 44.
> **C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) _____ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Leasing Firm) *Rancho Plaza Realty, Inc* _____ DRE Lic. # *01121659*
By (Agent) _____ *Sue Lopez* DRE Lic. # *01836918* Date _____
Address *27994 Bradley Rd, Suite I* ___ City *Sun City* ___ State *CA* Zip *92586*
Telephone *(951) 723-1333* ___ Fax *(951) 723-1334* ___ E-mail *sue@ranchoplazarealty.com*

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.
   Published and Distributed by:
   REAL ESTATE BUSINESS SERVICES, INC.
   a subsidiary of the California Association of REALTORS®
   525 South Virgil Avenue, Los Angeles, California 90020

LR REVISED 11/08 (PAGE 6 OF 6)

Reviewed by _____ Date _____

RESIDENTIAL LEASE OR MONTH TO MONTH RENTAL AGREEMENT (LR PAGE 6 OF 6)

*30207 Marne Way*
Premises: <u>*Menifee, CA  92584*</u>                                                                    Date: <u>*April 28, 2009*</u>

advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance.

34. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: **(i)** Tenant obtains a valid waterbed insurance policy; **(ii)** Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and **(iii)** the bed conforms to the floor load capacity of Premises.

35. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

36. **NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
    Landlord: <u>*Jim Roach*</u>                              Tenant: <u>*Asey Lee*</u>
    <u>*30710 Pier Pointe Circle*</u>                         <u>*30207 Marne Way*</u>
    <u>*Menifee, CA  92584*</u>                               <u>*Menifee, CA  92584*</u>

37. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

38. **TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; (ii) upon disapproval of the credit report(s); or (iii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

39. **MEDIATION:**
    A.  Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.
    B.  The following matters are excluded from mediation: **(i)** an unlawful detainer action; **(ii)** the filing or enforcement of a mechanic's lien; and **(iii)** any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.
    C.  Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

40. **ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

41. **C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

42. **OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA); ☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)

The following ATTACHED supplements are incorporated in this Agreement: *Addendum #1 Addendum #2*

<u>*Tenant was given all move-in inspection forms.* AS PART OF THIS AGREEMENT</u>

43. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

44. **AGENCY:**
    A.  **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
        Listing Agent: (Print firm name) _____
        is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
        Leasing Agent: (Print firm name) _____ *Rancho Plaza Realty, Inc* _____
        (if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☒ both the Tenant and Landlord.
    B.  **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

45. ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Tenant's Initials ( /L )( _____ )
Landlord's Initials ( / )( _____ )

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 11/08 (PAGE 5 OF 6)

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)**

Addendum #1 - Property Address:
302.. Marne Way, Menifee, CA 92584

## Security Deposit

Please be aware if the contract expires or the relationship between the owner and Rancho Plaza Realty, Inc. terminates, the security deposit will be forwarded to the owner if the contract is current or on a month-to-month basis.

## 30-Day Notice

You must provide a 30-day notice to vacate the property, whether you are month-to-month or in a lease. A 30-day written notice must **always** be given.

## Late Fees

If your rent is not paid by the 5$^h$ of the month, which must includes the 10% late fee, we will charge $5.00 per day until your rent and all late fees are paid. There will be no exception to the rule. Any rent received after the 5th, the rent must be presented by cashier's check or money order. Note: If your rent is accepted less late/admin fess, the $5 a day fee will continue until we receive all late fees for the month of payment.

## Overpayment on Rent Received:

Any tenant who pays more than the required amount for their rent (ex. Amount of rent $1,500; paid $1,525). The entire amount will be applied as rent received. No accrued balance can be carried forward for next month. Rancho Plaza Realty, Inc. encourages you to pay the amount requested. **Note: If you pay less than what is contracted, your rent will not be accepted.**

## Due Date:

Tenants, this is to advise you that rent is due on the 1st and late after the 1st of each month. If rent is paid after the 5th calendar day of the month, to include mailed in rents, which must be received by 6 p.m. on the 5th calendar day of the month; then late fees (10%) must be included. If late fees are incurred, payment will **ONLY** be accepted in the form of money order or cashier's check, there will be **NO EXCEPTIONS.**

## Yard Care

When tenants take care of the yard, the service includes mowing, weeding, trimming and edging - no exceptions. If the yard is not maintained to HOA or owners standards, RPR or Owner will increase rent to cover cost of yard service effective immediately. Note: Only 3 courtesy notices/calls allowed before this decision is made.

## Right To Sell Home

Please note the owner has a right to place home for sale by giving the tenant a written notice and verbal notice. Per contract you are required to cooperate with showing of the home. Please read Rental contract for further detail of requirements. The contract will remain in tact and forward to new owner through expiration date of the contract.

## Foreclosures

Rancho Plaza Realty, Inc. is released from any responsibilities due to a foreclosure. If this information is presented to Rancho Plaza Realty, Inc. during the term of the lease the tenant will be notified immediately and proper steps will be taken to assist the tenant in finding a home to rent. We will make every effort to assist the tenant in receiving the security deposit from the owner.

## Re-Rent Fee

Breach of Contract, which means if the tenant vacates property before the expiration date of the lease, the tenant will be **_responsible for 70% of rent for re-rent fee_, _water and electric to maintain yard_, _yard service if it is maintained by the tenant_. Please note the tenant is responsible for rent until the home has been rented.**

## Restrictions/ Requirement (If not followed, will be fined accordingly):

1. No smoking inside house or garage. Pick up all cigarettes remainders from around the perimeter of the house.
2. Tenant must change AC filter at least every three months.
3. Tenant will be charged a Lock out fee if Landlord visit required: $75.00 or more
4. Plumbing Issues: If too much paper clogs toilet, personal hygiene items, etc… tenant will be responsible for all repairs.
5. Garbage Disposal Issues: Do not put the following items down the drain, grease, heavy foods, potato peels, etc. Tenant responsible for clogs due to such items.

Date: 4-28-09

Tenant(s) Signature(s):

Rancho Plaza Realty endorsement:

# Rancho Plaza Realty, Inc
## Mold Modification Addendum #2
## To Rental Agreement/Lease Agreement

This AGREEMENT made and entered into between **Rancho Plaza Realty, Inc.** (Owner/Agent) **Asey Lee** (Tenants) are renting from Owner/Agent the premises located at:

**30207 Marne Way, Menifee, CA 92584**

This is our goal to maintain the highest quality living environment for our residents. Therefore, know that the Owner/Agent has inspected the unit prior to lease and knows of no damp or wet building materials and knows of no mold or mildew contamination. Resident is hereby notified that mold, however, can grow if the premises are not properly maintained or ventilated. If moisture allowed to accumulate in the unit, it can cause mildew and mold to grow. It is important that Resident regularly allow air to circulate in the house/apartment. It is also important that Residents keep the interior of the unit clean and that they promptly notify the Owner/Agent of any leaks, moisture problems and/or mold growth.

Resident agrees to maintain the premises in a manner that prevents the occurrence of an infestation of mold or mildew in the premises. Resident agrees to uphold this responsibility in part by complying with the following list of responsibilities:

Resident agrees to keep the unit free of dirt and debris that can harbor mold.

Resident agrees to immediately report to the Owner/Agent any water intrusion, such as plumbing leaks, drips or Sweating pipes.

Resident agrees to notify the Owner/Agent of overflows from bathroom, kitchen or laundry facilities, especially In cases where the overflow may permeated walls or cabinets.

Resident agrees to report Owner/Agent any significant mold growth on surfaces inside the premises.

Resident agrees to allow the Owner/Agent to enter the unit to inspect and make necessary repairs.

Resident agrees to use the bathroom fans while showering or bathing and to report to the Owner/Agent any non working fan.

Resident agrees to use exhaust fans whenever cooking.

Resident agrees to use all reasonable care to close all windows and other openings in the premises to prevent outdoor water from penetrating into the interior unit.

Resident agrees to clean and dry any visible moisture on windows, walls and other surfaces including personal property as soon as possible. (Note: Mold can grow on damp surfaces within 24 to 48 hours)

Resident agrees to notify the Owner/Agent of any problems with air conditioning or heating systems that are discovered by the Resident.

Resident agrees to indemnify and hold harmless the Owner/Agent from any actions, claims, losses, damages and expenses including but not limited to, attorney's fees that the Owner/Agent may sustain or incur as a result of the Negligence of the Residents or any guest or other person living in, occupying or using the premises.

The undersigned Resident(s) acknowledge(s) having read and understood the foregoing, and receipt of a duplicate original.

| | |
|---|---|
| 4.28.09 | |
| Date | Resident _____ Resident _____ |
| Date | Resident _____ Resident _____ |
| Date 5/14/09 | Resident _____ |
| Date | Owner/Agent _____ |

April 28, 2009

This form is given to insure we receive the correct amount prior to your move in date. In order to secure a rental property, you must pay the security deposit immediately and sign the Security Deposit Disclosure. All checks must be received before we will release the keys to you. You must move in on the move in date as stated on the Security Deposit Disclosure Form. If you move in changes, you must receive approval from the Property Manager.

Move In Date:    5/1/09

## Property Address:
30207 Marne Way, Menifee, CA 92584

## Security Deposit Amount:
$1,650 payable to Owner Jim Roach

## 1st Month's Rent Amount (Due at Lease Signing):
$1550 payable to Rancho Plaza Realty, Inc.

## Pet Deposit Amount Due
No Pets Authorized

# Please bring a copy of your driver's license. We will make a copy at the office when you pay the security deposit.

Do not combine checks. We must receive each check separately.

Tenant Signature: _____

Tenant Signature: _____

Property Manager: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| *JAMES ROACH* | *ASOY LEE 30307 MARNG WAY MENIFEE, CA 92584* |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant *RIVERSIDE* |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| *BARRY LEE O'CONNOR 3691 ADAMS ST RIVERSIDE, CA 92504* | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☒ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: *ED CV14-02405*

CV-71 (10/14)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☐ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☑ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☑ No | | ☑ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☑ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☑ No | | ☑ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☑ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☑ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☑ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☑ No | ☑ Yes   ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *EASTERN DIVISION* |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☑ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?    ☑ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?    ☑ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**    _[signature]_    DATE: 11-20-2014

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

LODGED

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

ASEY LEE
30207 MARNE WAY
MENIFEE, CA 92584

2014 NOV 20 PM 5: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

ATTORNEY(S) FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JAMES ROACH

Plaintiff(s)

v.

ASEY LEE

Defendant(s)

CASE NUMBER:

CV14-02405

CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)

TO:    THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for _____
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| JAMES ROACH | LANDLORD |
| ASEY LEE | TENANT |

11-20-2014
Date

_____
Signature

Attorney of record for (or name of party appearing in pro per):

_____

CV-30 (05/13)                         NOTICE OF INTERESTED PARTIES